# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08-CV88-C

| | |
|---|---|
| ALKE B.V., | ) |
|        Plaintiff, | ) |
| v. | )    **ORDER** |
| L.B. WHITE COMPANY, INC., | ) |
|        Defendant. | ) |

**THIS MATTER** is before the Court on the following motions and memoranda:

1. Defendant's "Motion to Dismiss, or in the Alternative, Transfer Venue" (document #4) and "Memorandum of Law in Support…" (document #5), both filed April 21, 2008;

2. Plaintiff's "Memorandum in Objection…" (document #14), filed May 5, 2008; and

3. Defendant's "Reply Memorandum in Support…" (document #15), filed May 19, 2008.

The instant motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for disposition.

Having carefully considered the parties' argument, the record, and the applicable authority, the undersigned will <u>grant</u> Defendant's alternative Motion to Transfer Venue, as discussed below.

## I. Factual Background and Procedural History

The Defendant, L.B. White Company, Inc. ("L.B. White"), a Delaware corporation, manufactures and distributes heating equipment from its principal place of business in Onalaska,

Wisconsin. The Defendant is the exclusive licensee in North America of United States Patent Number 5,549,099 entitled "Injection and Regulation Device for Atmospheric Gas Burners for Heating Appliance, in Particular of the Infra-Red Type," issued August 27, 1996 ("the '099 patent").

The Plaintiff, Alke B.V. ("Alke"), is a Dutch Company, which maintains its principal place of business in Scherpenzeel, The Netherlands, and manufactures an infrared heater called the "Grower Select Gro17 Modulating Brooder" ("Gro17"). The Plaintiff distributes this product in the United States through Gas Fired Products ("GFP"), a company with its principal place of business in Charlotte, North Carolina.

On November 7, 2007, L.B. White sent a cease and desist letter and filed suit against two companies, GFP and Hog Slat, Inc., in the United States District Court for the District of Minnesota, alleging infringement of the '099 patent (the "Minnesota Case"). Although the claims against Hog Slat were subsequently dismissed, L.B. White's Complaint alleges that GFP imports and/or participates in the manufacture of an infrared heater – the product primarily manufactured by Alke – which infringes the '099 patent. GFP is Alke's exclusive agent for the distribution of its products in the United States.

Upon discovery of L.B. White's Complaint against GFP, Alke conferred with GFP in Charlotte. Although the companies maintain that the Gro17 did not infringe the '099 patent, Alke nevertheless redesigned the Gro17 to more clearly avoid , in their view, a claim of infringement. Thereafter, on January 7, 2008, counsel for Alke sent L.B. White a letter asking the company to dismiss the lawsuit against GFP, enclosing engineer drawings and notes explaining why it (Alke) did not believe the redesigned product infringed the '099 patent.

On March 4, 2008, having received no response from L.B. White, Alke filed the subject Complaint in this Court, seeking a declaratory judgment of noninfringement. Two weeks later, on

March 21, 2008, L.B. White contacted Alke's counsel, asserted that the redesigned product still infringes the '099 patent, and stated that if Alke wished to challenge the validity of the patent, it should move to intervene in the pending action in Minnesota. L.B. White also advised Alke that it would not oppose their intervention in the Minnesota action.

On April 21, 2008, L.B. White moved to dismiss the present action for lack of subject matter jurisdiction, or in the alternative, to transfer venue to the United States District Court in Minnesota pursuant to 28 U.S.C. § 1404(a). L.B. White also moved the Minnesota Court to amend its Complaint to include Alke as a party Defendant. By Order filed June 10, 2008 (document #31 in case 07CV0457-MJD-JJK in the United States District Court for the District of Minnesota), Magistrate Judge Jeffrey J. Keyes granted L.B. White's motion to amend.

## II. DISCUSSION

Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has noted that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted).

The factors commonly considered in deciding a transfer motion include:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;

6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F. Supp. 205, 211-12 (W.D.N.C. 1992), (quoting Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990)); Jim Crockett Promotions, Inc.v. Action Media Group, Inc., 751 F. Supp. 93, 95 (W.D.N.C. 1990).

The first factor, the "Plaintiff's initial choice of forum" is generally given "great weight,"and should not lightly be disturbed. Id. at 212, (quoting Uniprop, 753 F. Supp. at 1322); and Western Steer-Mom N'Pop's, Inc. v. FMT Investments, Inc., 578 F. Supp. 260, 265 (W.D.N.C. 1984)). "If a transfer would merely shift the inconvenience from the Defendant to the Plaintiff[], or if the equities lean but slightly in favor of the Defendant after all of the factors are considered, the Court should not disturb the Plaintiff's choice of forum." Bates v. J.C. Penny Co., Inc., 624 F. Supp. 226, 227 (W.D.N.C. 1985). Accord Micron Tech, Inc.v. MOSAID Techs, Inc., 578 F.3d 897, 904 (Fed. Cir. 2008); and Learning Network, Inc. v. Discovery Communications, Inc., 11 Fed. Appx. 297, 300 (4th Cir. 2001).

What makes this case somewhat unique is that the Plaintiff in the Minnesota case (L.B. White) and the Plaintiff in this case (Alke) both claim this favored "first-to-file" status. As noted, L.B. White did not initially include Alke as a party Defendant, but has since secured permission from the Minnesota Court to do so. The undersigned agrees with Judge Keyes' analysis in his June 10, 2008 Order granting L.B. White's motion to amend. Specifically, the undersigned concurs in the

Minnesota Court's rejection of Alke's claimed status as first-to-file, concluding to the contrary that the declaratory judgment action in this district is duplicative of the patent litigation in Minnesota, and that if Alke wished to litigate the issue of infringement/noninfringement, it should have accepted L.B. White's invitation to intervene in the Minnesota case.

As Judge Keyes also notes – and the parties appear to agree – under the first-to-file rule, "as a principle of sound judicial administration, the first to file suit should have priority" except where the initial filer has engaged in forum shopping or where the selected defendant is a "mere customer" of the manufacturer. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir.1989). Neither exception applies to this case.

Regarding forum shopping, L.B. White persuasively argues that it reasonably selected the Minnesota venue because it is close to its principal place of business in Wisconsin, its counsel is in Minnesota, and it has evidence of infringement in Minnesota. Indeed, if there has been forum shopping in these cases, it is Alke – a company with no presence in the Western District of North Carolina – which is the offender, not L.B. White.

Nor does the "mere customer" exception apply here. First, GFP is not a "mere customer," but as Judge Keyes concluded, "is involved in the manufacturing and assembly that takes place after the components delivered by Alke arrive" – and then serves as Alke's exclusive agent for distribution of those products in the United States. Id. at 1081-82 (customer suit exception only applies where initial suit is against a party who is a "mere reseller"). Second, Alke's argument does not comport with the purpose of the "mere customer" exception – which is to allow a manufacturer/alleged infringer to litigate in the district in which the manufacturer resides – because Alke is a foreign company with no "home district" in the United States. Accord Kerotest v. C-O-Two Fire Equipment Co., 342 U.S. 180, 186 (1952) (purpose of "mere customer" exception is to allow an alleged infringer to file and litigate

suit in its "home district"). And third, the patentee in this case can be joined, and indeed is about to be joined, as a party Defendant in the Minnesota Case.

The remaining "Crockett factors" are either neutral or weigh in favor of transfer to the Minnesota Court. See Jim Crockett Promotions, 751 F. Supp. at 95. Specifically, the residence of the parties (Wisconsin verses The Netherlands), the relative ease of access of proof, and the factor favoring more expeditious and less expensive litigation all weigh in favor of transfer, and the remaining factors are more or less neutral. None of the factors weigh in favor of dual litigation of identical issues, which would not only be a waste of limited judicial resources, but would also create a risk of contrary decisions in the two districts.

**FOR THE FOREGOING REASONS,** the Defendant's alternative Motion to Transfer filed April 21, 2008 (document #5) is **GRANTED**, and therefore, unless the Plaintiff timely appeals, the Clerk shall **TRANSFER** this matter to the United States District Court for the District of Minnesota for further proceedings.

The parties are advised that they have ten (10) days from the date this order is received, pursuant to Fed. R Civ. P. 72(a), to appeal this Order to the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.).

The Clerk is further directed to send a copy of this Order to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: June 13, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge